IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                              CRIMINAL:15-701 (GAG)

JONATHAN HERNÁNDEZ-MARTÍNEZ,

Defendant.

**REPORT AND RECOMMENDATION**
**RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.   Procedural Background**

On November 12, 2015, a grand jury returned an indictment against Jonathan Hernández-Martínez, (hereinafter referred to as "defendant"). ECF No. 6. Defendant has agreed to plead guilty to counts one, two and three of the indictment. Count one charges that on or about June 24, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in firearms, namely, a model 22, .40 caliber, Glock pistol bearing serial number HKV483, and a model 17, 9mm caliber, Glock pistol bearing serial number TDX597, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

Count two charges that on or about June 24, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, knowingly possessed firearms capable of firing more than one round of ammunition, without manual reloading, by a single function of the trigger, namely, a model 22, .40 caliber, Glock pistol bearing serial number HKV483, and a model 17, 9mm caliber, Glock pistol bearing serial number TDX597, all in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).

Count three charges that on or about October 14, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, knowingly and intentionally distributed, and possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II

2

Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## II.  Consent to Proceed Before a Magistrate Judge

On September 13, 2016, while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to counts one, two and three of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to one, two and three of the indictment.

## III.  Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A. Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:   1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.  To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

As to count one the defendant was explained and he understood that if convicted he is exposed to a maximum term of imprisonment of five (5) years, a fine not to exceed $250,000 dollars, and a term of supervised release of not more than three (3) years.

Defendant was also explained and he understood that if convicted as to count two, he is exposed to a maximum term of imprisonment of ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000), and a term of supervised release of not more than three (3) years.

As to count three the defendant was explained and he understood that if convicted he is exposed to a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000) and a term of supervised release of at least three (3) years but not more than life.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and

4

that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Government's Evidence**

There is a basis in fact as to every element of the offense charged in view that the defendant admitted as true the following proffer of the evidence given by the government at the change of plea hearing: On June 24, 2015, at the parking area of the Beltz Outlets in Canóvanas, Puerto Rico, the defendant sold the following items to an undercover ATF agent for the price of $3,350: (1) a model 22, .40 caliber, Glock pistol bearing serial number HKV483 that was modified with a slide rear plate and a device designed to convert the firearm into a machinegun; (2) a model 17, 9mm caliber, Glock pistol bearing serial number TDX597 that was modified with a slide rear plate and a device designed to convert the firearm into a machinegun; (3) a ten round capacity, .40 caliber, Glock magazine; and (4) a seventeen round capacity, 9mm caliber, Glock magazine.

The defendant arrived at the parking lot of the Beltz Outlets in a green Mitsubishi Mirage. Electronic equipment was used to record the transaction that occurred on June 24, 2015. During that transaction, the defendant told the undercover agent that he was making one of the "botones" for one of those firearms.[1]

---

[1] The prosecutor explained that "botones" is a slang term in Spanish used to refer to the device that converts a firearm into a machinegun.

5

The two firearms that the defendant sold to the undercover ATF agent were tested and confirmed to be capable of firing in fully automatic mode. A law enforcement records check revealed that the defendant is not a licensed dealer of firearms within the meaning of federal law.[2]

On October 14, 2015, at the parking lot of Plaza Carolina, in Carolina, Puerto Rico, the defendant sold approximately 125 grams of cocaine to an undercover ATF agent for the price of $3,450. Electronic equipment was used to record this transaction. Chemical analysis confirmed that the substance sold by the defendant was approximately 125 grams of cocaine.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one, two and three of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one, two and three of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation

---

[2] Upon questioning by the court during the change of plea hearing, the defendant also admitted that at the time that he sold the firearms to the undercover agent he was aware that said firearms had the capacity to fire automatically.

6

is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 13th day of October, 2016.

                                                                                                                         <u>s/Marcos E. López</u>
                                                                                                                         U.S. Magistrate Judge